IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH CASTILLO,

      Plaintiff,

v.                                                                               No. 1:22-cv-00466-MV-LF

FNU SAENZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL AND ORDER TO SHOW CAUSE

Plaintiff, who is proceeding *pro se*, filed a Complaint on June 22, 2022. Doc. 1. The Complaint is largely unintelligible. *See, e.g.*, copy of first page of the Complaint, attached hereto. The Complaint does not contain short a statement of the grounds for the Court's jurisdiction or a statement of the claim showing that Plaintiff is entitled to relief as required by Rule 8(a) of the Federal Rules of Civil Procedure.

United States Magistrate Judge Laura Fashing notified Plaintiff that the Complaint should be dismissed for failure to state a claim upon which relief can be granted and ordered Plaintiff to show cause why this case should not be dismissed and file an amended complaint. Judge Fashing also notified Plaintiff that failure to timely show cause might result in dismissal of this case. Plaintiff did not show cause or file an amended complaint by the July 14, 2022, deadline.

The Court dismisses this case because the Complaint fails to state a claim, and because Plaintiff did not show cause why the Court should not dismiss this case, did not timely file an amended complaint that states a claim over which the Court has jurisdiction, or otherwise respond to Judge Fashing's Order to Show Cause.

**Plaintiff's Abusive Filing History**

This is the seventh action in this Court with Plaintiff proceeding *pro se*. *See Castillo v. City of Albuquerque*, No. 1:09-cv-00692-JB-LFG (dismissed for failure to state a claim); *Castillo v. Durham School Services LP*, No. 1:12-cv-01040-JB-ACT (dismissed for failure to state a claim); *Castillo v. Equal Employment Opportunity Commission*, No. 1:18-cv-01185-JCH (dismissed for failure to state a claim); *Castillo v. New Mexico Department of Workforce Solutions*, No. 1:17-cv-00540-JCH-SCY (dismissed for failure to state a claim); *Castillo v. United States Postal Service*, No. 1:17-cv-01184-MV-JHR (dismissed for lack of jurisdiction); *Castillo v. Social Security Administration*, No. 1:19-cv-00453-WJ-SCY (dismissed for failure to state a claim). Many of the complaints in Plaintiff's other cases are, as in this case, largely unintelligible.

The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing any further similar filings.

**The Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is

2

> instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal, and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating future litigation in this Court and the Clerk will be directed to not file any initial pleading that Plaintiff submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*.  *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions.

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties.  The affidavit must certify the following: to the best of Plaintiff's knowledge, Plaintiff's claims are not frivolous or made in bad faith; Plaintiff's claims are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; the new suit is not initiated for any improper purpose

such as delay or needless increase in the cost of litigation; and Plaintiff will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or Plaintiff has previously sued the defendants, the affidavit must certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system.

      3.  The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading, and a copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

      **IT IS ORDERED** that:

      (i)      This case is **DISMISSED without prejudice.**

      (ii)     Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the

date of this order and will apply to any matter filed after that time.  If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

_____
**MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE**